IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JULIAN ALVARADO; <br> JORGE ALVARADO; and <br> MYNOR CHOX FRANCISCO, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | No.: 3:16-cv-03030 |
| v. | ) <br> ) | Judge Crenshaw |
| BURKE SKELTON; and <br> OUTDOORS UNLIMITED, INC. | ) <br> ) <br> ) | Magistrate Judge Holmes |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY**

Plaintiffs Julian Alvarado, Jorge Alvarado, and Mynor Chox Francisco, by their undersigned counsel, hereby submit this memorandum of law in support of their motion for partial summary judgment ("Motion") as to Defendants' liability on Count I, violation of the Fair Labor Standards Act, and Count VI, common law breach of contract.

Defendants have admitted the factual allegations relevant to establishing their liability for Plaintiffs' wage-related claims. Defendants have asserted no affirmative defenses that would prevent finding liability in light of the admissions of fact. Based on Defendants' admissions, and supported by Plaintiffs' offer of proof detailed herein, summary judgment is appropriate.

## FACTUAL BACKGROUND

Plaintiffs began working for Defendants Burke Skelton and Outdoors Unlimited, Inc. as laborers in May 2016. Defs.' Answer, Dkt. 11, ¶ 13 ("Admitted"). The terms of Plaintiffs' employment with Defendants was governed by the Job Order, the contract between Plaintiffs and

1

Defendants. Defs.' Answer, Dkt. 11, ¶ 10 ("Admitted."); *see also* Pls.' Compl., Exh. A, Dkt. 1-1. The Job Order promised Plaintiffs a salary of $12.02 per hour and $18.03 per hour of overtime pay. Defs.' Answer, Dkt. 11, ¶ 11. It also stated that Plaintiffs' work hours would be 8:00 am to 5:00 pm Monday through Friday. *Id.*

From the very first week of work, Defendants failed to comply with the terms of the Job Order. Instead, Defendants required Plaintiffs to work ten to thirteen hours a day, six days a week. Defs.' Answer, Dkt. 11, ¶ 18 ("Admitted."). Because Plaintiffs depended on Defendants for transportation to and from the worksite, Plaintiffs were forced to comply with these terms, or risk losing their job. Defs.' Answer, Dkt. 11, ¶ 16 ("Defendants… admit that there was no public transportation in the area [of the trailers where Plaintiffs lived] and that Plaintiffs did not have their own means of transportation."); Defs.' Answer, Dkt. 11, ¶ 22 ("Admitted" that Defendants controlled all aspects of Plaintiffs' employment).

Despite admittedly working Plaintiffs sixty to seventy hours per week, Defendants never, ***not even one week***, paid Plaintiffs for all their hours worked. Instead, Defendants regularly underpaid Plaintiffs by some twenty hours per week. *See* Declaration of Mynor Chox, ¶ 7 and Exhibit A; Declaration of Jorge Alvarado, ¶ 7 and Exhibit A; Declaration of Julian Alvarado, ¶ 7.

Plaintiffs filed this Complaint on November 23, 2016 seeking unpaid wages and other damages stemming from their being trafficked to this country and exploited for labor.

## ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

The Court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

2

matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

"[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus.Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In this case, partial summary judgment on liability is appropriate because Defendants' Answer and discovery admissions, in conjunction with Plaintiffs' pay records, shows that there are no disputes of material fact on the record regarding Defendants' liability for FLSA violations and breach of contract. FLSA claims and employment-related contract claims are particularly susceptible to summary judgment on the question of liability. *See, e.g.*, *Abadeer v. Tyson Foods, Inc.*, 14 F. Supp. 3d 1062 (M.D. Tenn. 2014) (FLSA); *Jones Express, Inc. v. Watson*, 871 F. Supp. 2d 719 (M.D. Tenn. 2012) (breach of contract).

## II. PLAINTIFFS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THEIR FLSA CLAIMS

To establish liability under the FLSA, the plaintiff has the initial burden to prove by a preponderance of the evidence that (1) an employer-employee relationship exists; (2) the activities at issue are within coverage of the FLSA; and (3) the defendant failed to pay the plaintiff the overtime wages required by law. *Kowalski v. Kowalski Heat Treating, Co.*, 920 F. Supp. 799, 806 (N.D. Ohio 1996) (citing 29 U.S.C. § 201 et seq.); *see also Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012) (stating that the FLSA "provides that employers may not require employees to work more than forty hours per workweek unless those employees

receive overtime compensation at a rate of not less than one-and-one half times their regular pay") (quoting *Baden–Winterwood v. Life Time Fitness, Inc.*, 566 F.3d 618, 626 (6th Cir. 2009)); *Moran v. Al Basit LLC*, 788 F.3d 201, 205 (6th Cir. 2015) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)) (holding that, in order to prevail in an FLSA overtime suit, a plaintiff must prove, by a preponderance of the evidence, that he "performed work for which he was not properly compensated").

Defendants concede the first two elements. As to the third element, Plaintiffs submit indisputable evidence of liability in the form of payroll records and a time card. These records show that Defendants routinely underpaid Plaintiffs for the hours Defendants themselves admit that Plaintiffs actually worked. For these reasons, the record shows no genuine issue of material fact as to Defendants' liability for failure to pay wages, pursuant to Sections 6 and 7 of the FLSA, and Plaintiffs are entitled to summary judgment as a matter of law.

### A. An Employer-Employee Relationship Existed between Plaintiffs and Defendants

It is undisputed that Plaintiffs and Defendants maintained an employer-employee relationship, as defined by the FLSA, during all times relevant in this case. Plaintiffs are employees under the plain language of the statute because they were suffered or permitted to work in exchange for wages. 29 U.S.C. § 203(g). Defendants are both employers under the plain language of the Act. 29 U.S.C. § 203(d) ("[An employer is] any person acting directly or indirectly in the interest of an employer in relation to an employee."). Defendants admit as much. Defs.' Answer, Dkt. 11, ¶¶ 37-38 ("Admitted.").

### B. Defendants Concede that Plaintiffs' Employment Is Covered by the FLSA

The FLSA applies to any employer that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise

4

working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]" 29 U.S.C. § 203(s)(1). The Supreme Court has directed that the FLSA be liberally construed liberally, "recognizing that broad coverage is essential to accomplish the goal of outlawing from interstate commerce goods produced under conditions that fall below minimum standards of decency." *Ellington*, at 552–53 (citing *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985)).

Defendants' admitted employment practices certainly fall below the minimum standards of decency. In fact, Defendants have admitted that, at all times relevant, the FLSA applied to them. Defs.' Answer, Dkt. 11, ¶¶ 37 ("Admitted" that "Defendants are employers… and are otherwise covered by and subject to the provisions of the FLSA."), 40 ("Admitted" that at all times relevant, Defendants were required to pay Plaintiffs a minimum wage for all hours worked, pursuant to Section 6 of the FLSA.), 42 (""Admitted" that at all times relevant, Defendants were required to pay Plaintiffs "a rate not less than one and one-half times the regular rate at which [they were] employed" for all hours worked in excess of forty (40) per work week, pursuant to Section 7 of the FLSA.).[1]

### C. Defendants Failed to Pay Plaintiffs the Wages Required by the FLSA

The final element in Plaintiffs' prima facie case requires proof that Plaintiffs performed work for which they were not compensated. *Myers v. Copper Cellar Corp.,* 192 F.3d 546, 551 (6th Cir. 1999). Again, Defendants' own admissions provide sufficient proof of uncompensated

---

[1] Proof of Defendants' engagement in interstate commerce is unnecessary in light of their admissions that the Act applied to them. *Trimas Corp. v. Meyers*, 572 F. App'x 347, 352 (6th Cir. 2014) (citing *Ferguson v. Neighborhood Housing Services of Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986)) ("[J]udicial admissions eliminate any need to produce evidence on the subject matter of the admission because the admitted fact is no longer at issue.").

work time.  In their Answer, Defendants concede that Plaintiffs typically worked at least 60 hours per week.  Defs.' Answer, Dkt. 11, ¶ 18 ("Admitted" that the "workday generally lasted ten to thirteen hours…[and] Plaintiffs were expected to work six days a week and normally did so").  However, Defendants failed to compensate them for these hours.  In fact, not once did Defendants pay Plaintiffs for even a 60-hour work week.  Instead, their paychecks ranged from 27 hours to 52 hours per week.  *See* Chox Decl., Exh. A; Alvarado Decl., Exh. A (Plaintiffs' Exhibits A are hereinafter referred to as their "Paystubs.").

As additional proof of the number of hours they typically worked in a week, Plaintiffs present a photograph of a stamped time card covering work days from July 11-15, 2016.  *See* Chox Decl., Exh. B.  The total work time listed on the card is 63 hours and 8 minutes.[2]  The Paystub for the same time period reflects a total of only 44 hours and 25 minutes.  *See* Chox Decl., Exh. A.  Defendants failed to compensate Plaintiffs for a total of 18 hours and 48 minutes of overtime work that particular week.  This pattern of underpayment was typical for all Plaintiffs for every week of employment with Defendants.  Chox Decl., ¶ 7; Jorge Alvarado Decl., ¶ 7; Julian Alvarado Decl., ¶ 7.

Plaintiffs are therefore entitled to summary judgment as a matter of law because the record shows no genuine issue of material fact as to Defendants' liability for failure to pay wages for the significant number of unpaid hours worked, pursuant to Sections 6 and 7 of the FLSA.

---

[2] For July 14, there is a "clock-in" time at 7:01AM, but no "clock out" time.  This total assumes that Plaintiffs worked a typical ten hour day.  But even without adding any time for July 14, there is still a significant discrepancy between the total hours on the time card and the total hours on the Paystub for the same week.

### III. PLAINTIFFS HAVE PRESENTED UNDISPUTED PROOF THAT DEFENDANTS ARE LIABLE FOR BREACH OF CONTRACT

To establish liability for breach of contract, Plaintiffs must prove "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *Arc LifeMed, Inc. v. AMC–Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005) (citation and quotation marks omitted).

The existence of an enforceable contract is undisputed in this case. Defs.' Answer, Dkt. 11, ¶ 10 ("Defendants…admit that [the] Job Order described the terms of the Plaintiffs' employment with Defendants."); ¶ 12 (not disputing that Plaintiffs relied on Defendants' promises in the Job Order); Declaration of Callie Jennings ("Jennings Decl."), Exh. A (Plaitniffs' Requests for Admission ("RFA"), ¶ 1) (Admitted that Defendants "entered into an enforceable contract with Plaintiffs pursuant to the terms outlined in the Job Order…"). In that contract, Defendants promised to help Plaintiffs secure lodging. Pls.' Compl., Exh. A, Dkt. 1 ("Assistance finding and securing lodging is available if needed…"). Defendants represented that Plaintiffs would receive regular pay at a rate of $12.02 per hour, overtime pay at a rate of $18.03 per hour, and that Plaintiffs' work hours would be 8:00 am to 5:00 pm Monday through Friday. Defs.' Answer, Dkt. 11, ¶ 11 ("Defendants admit [that the Job Order stated these terms]."). Defendants also concede that these provisions of the contract are material. *Id.*

As described in Section II. C. of this memorandum, the record shows that Defendants regularly failed to compensate Plaintiffs for work they performed. Defendants were required to pay Plaintiffs for *all* regular and overtime work at the rates set forth in the Job Order, and Defendants' failure to do so is nonperformance amounting to a breach of the parties' agreement. By their own admission, Defendants also required Plaintiffs to work significantly more hours than the typical schedule stated in the contract. *Compare* Defs.' Answer, Dkt. 11, ¶¶ 11

7

(admitting that the Job Order stated that work hours would be 8:00 am to 5:00 pm Monday through Friday) *with* 18 ("Admitted" that the work day generally lasted ten to thirteen hours and that Plaintiffs were *expected* to work six days a week.). Moreover, Defendants breached their duty of good faith and fair dealing by promising Plaintiffs housing yet supplying them with inadequate, indeed uninhabitable housing. *Dick Broad. Co. of Tennessee v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 660 (Tenn. 2013) (noting that this duty is implied in every contract to honor parties' reasonable expectations). Defendants admit that up to ten employees, including Plaintiffs lived together in each of the two trailers that Defendants owned. Jennings Decl, Exh. A., ¶¶ 3, 5. The trailers were not equipped with heat or air-conditioning and the ten employees, including Plaintiffs, were forced to share a single bathroom and a few mattresses. *Id.*, at ¶¶ 4, 8-9. Defendants admit that it was for their own benefit and convenience to have Plaintiffs live in these trailers where Defendants could control Plaintiffs' transportation to and from work everyday. *Id.*, at ¶¶ 6-7. Plaintiffs undisputedly suffered damages, at a bare minimum, in the form of unpaid wages and substandard housing conditions contrary to Defendants' promises.

Plaintiffs are therefore entitled to summary judgment as a matter of law because the record shows no genuine issue of material fact as to Defendants' liability for breach of contract.

## **CONCLUSION**

For the reasons stated herein, Plaintiffs are entitled to judgment finding Defendants jointly and severally liable for violating the Fair Labor Standards Act and breaching the contract between the parties. Plaintiffs request a hearing on the question of damages at a time and date to be set by the Court.

Dated: March 3, 2017					Respectfully Submitted,

					*/s Callie Jennings*
					Callie Jennings (BPR# 35198)
					Karla M. Campbell (BPR# 27132)
					Branstetter, Stranch & Jennings, PLLC
					223 Rosa L. Parks Avenue, Suite 200
					Nashville, TN  37203
					Tel.: (615) 254-8801
					Email:  calliej@bsjfirm.com
						karlac@bsjfirm.com

					*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on March 3, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served via the Court's Electronic Filing System to:

Bert W. McCarter
101 North Maple Street
Murfreesboro, TN 37130

Attorney for Defendants, Outdoors Unlimited, Inc. and Burke Skelton

					*/s Callie Jennings*
					Callie Jennings