# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| JULIAN ALVARADO; | ) | |
| JORGE ALVARADO; and | ) | |
| MYNOR CHOX FRANCISCO, | ) | |
|  | ) | |
| Plaintiffs, | ) | No.: 3:16-cv-03030 |
|  | ) | |
| v. | ) | Judge Crenshaw |
|  | ) | |
| BURKE SKELTON; and | ) | Magistrate Judge Holmes |
| OUTDOORS UNLIMITED, INC. | ) | |
|  | ) | |
|  | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR CONTEMPT

Plaintiffs Julian Alvarado, Jorge Alvarado, and Mynor Chox Francisco, by their undersigned counsel, hereby request that the Court enter an order of civil contempt against Defendants' attorney, Mr. Bert McCarter, and impose monetary costs against the same, for violating this Court's Order, Dkt. 56. In support of this Motion, Plaintiffs state as follows:

1. On August 25, 2017, Plaintiffs filed a motion to compel discovery responses related to documents evidencing and narrative explanations of Plaintiffs' work hours. In particular, Plaintiffs sought punch clock records and handwritten records of daily work schedules.

2. On Oct. 3, 2017, this Court held a telephonic discovery and status conference with Mr. McCarter and Plaintiffs' counsel, Karla Campbell and Callie Jennings. During that conference, this Court granted Plaintiffs' Motion to Compel and instructed Mr. McCarter to either produce the requested documents or an affidavit by Defendant Skelton detailing why he can't produce them. Dkt. 56. The Court specified the contents of the affidavit,

which instructions Mr. McCarter took note of and read back to the Court. Additionally, on this call, this Court asked Mr. McCarter to send a draft of the affidavit to Plaintiffs' counsel before the due date, October 13, 2017, to make sure it contained sufficient detail for Plaintiffs' purposes.

3. On Oct. 10, 2017, this Court issued a written order, Dkt. 56, memorializing the Court's oral order. Specifically, the Court ordered that Defendants' affidavit contain:

   a. Whether written records containing the information requested by Plaintiffs in Interrogatory #18 and Requests for Production #3 and #5 ever existed, and, if so, generally describing the information contained in the records, including, the author(s) or drafter(s) of such records.

   b. Whether the records were written or electronic.

   c. When the records were discarded, disposed of, or destroyed.

   d. Why the records were discarded, disposed of, or destroyed.

   e. Who discarded, disposed, or destroyed the records, and the means of discard, disposal or destruction.

   f. Who authorized discard, disposal, or destruction of the written or electronic records.

4. On Oct. 13, 2017, Mr. McCarter entered a Notice of Filing with this Court, Dkt. 58, along with three attached affidavits, purporting to address the issues outlined in the Court's Order, Dkt. 56. However, the affidavits do not conform to the Court's instructions.

5. As to the handwritten notes of crew leaders with work hours, the affidavit states:

> 9. I would use the "route sheets" or reported times to prepare a spreadsheet of each employee's hours worked. The "route sheets" were then discarded.

6.  This bare assertion does not provide Plaintiffs with the "who, what, when, where, why, and how" of the route sheets' maintenance and destruction, as ordered by the Court.

7.  As to the punch clock cards, the affidavit states:

> 33.    The time cards that were used during the two (2) month period were discarded by me, Burke Skelton, in order to save space around the shop.

8.  This bare assertion answers only the "who" of who destroyed the records, but does not provide Plaintiffs with the "when" or "why" of the punch clock records' maintenance and destruction, as ordered by the Court.

9.  In the affidavit, Defendant mentions a mobile timekeeping application:

> 15.    In approximately late 2014 to early 2015, Outdoors Unlimited, Inc. was offered a new system of time tracking through Verizon that would be done by phones/tablets. The crew leaders would use the phones/tablets to relay information directly into the computer rather than my having to manually enter the data.
>
> 16.    Outdoors Unlimited, Inc. never implemented the phone/tablet system because many employees were either unable to adapt to the system, did not speak English, or refused to use electronics.
>
> 17.    Outdoors Unlimited, Inc. never agreed with or employed Verizon to use the phone/tablet system, therefore, there are no records of any kind related to this proposed system.
>
> 18.    During the time that the Verizon system was attempted, Outdoors Unlimited, Inc. still relied solely on the aforementioned "route sheet" method to track and log employee times. The information would be reported to me and manually entered into spreadsheets.

10. The affidavit avers that Defendants "attempted" to implement the system (¶18), finding that some employees used an application on their phones to input time into the computer while others did not (¶¶ 15-16), but that, nonsensically, no records ever existed (¶17).

11. This bare assertion does not provide Plaintiffs with the "who, what, when, where, why, and how" of this application's maintenance and destruction, as ordered by the Court.

12. Further, the affidavits are signed by defense counsel, not by Defendant, and are undated.

13. Defendants' failure to provide the requested information prior to the parties' mediation severely diminished the ability of the parties to assess the relative strengths and weaknesses of their respective damages calculations, the ability of the mediator to make a like assessment, and thus prejudiced the outcome of the mediation.

14. If defense counsel had sent drafts to the undersigned for review as ordered by the Court, these errors could have been addressed before the mediation on October 17, 2017.

15. Not only do Mr. McCarter's actions relative to the Court's order show an unabashed distain for the authority of the Court, but they also prejudice Plaintiffs and the Court by requiring both to expend unnecessary time and resources policing Court orders.

16. "When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (internal citations and quotations omitted); *see also Downey v. Clauder*, 30 F.3d 681, 685 (6th Cir. 1994) (federal courts have the power to impose civil contempt sanctions on attorneys to compensate the injured party). "Contempt proceedings enforce the message that court

orders and judgments are to be complied with in a prompt manner." *Id.*; *see also John B. v. Menke*, 176 F. Supp. 2d 786, 806 (M.D. Tenn. 2001).

17. This Court has broad authority, both statutory and inherent, to impose sanctions for Defendants' defiance of its orders. *See* 18 U.S.C. § 401.[1]

18. "In order to hold [counsel] in [civil] contempt, the movant must produce clear and convincing evidence that shows that he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." 340 F.3d at 379 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)).

19. In this case, it is clear that Mr. McCarter violated the Court's order. Mr. McCarter's "knowledge of the court's order," *Gary's Elec. Serv. Co.*, 340 F.3d at 379, as evidenced by both the telephonic conference and the written order, makes his failure to follow the order both knowing and willful.

20. Plaintiffs respectfully request that this Court find Mr. McCarter in contempt and order him to pay (1) Plaintiffs' attorneys' fees expended in filing this Motion and (2) the prior Motion to Compel, Dkt. 47, as well as (3) the mediator's costs. *See In re Jaques*, 761 F.2d 302, 305 (6th Cir. 1985) (sanctions for civil contempt may be awarded for both coercive or compensatory purposes). Plaintiff will submit a full accounting of these costs upon instruction by the Court.

---

[1] *See also* 28 U.S.C. § 636(e) governing the civil contempt authority of magistrate judges.

{005184/16444/00433414.DOCX / Ver.1}

Dated: October 24, 2017                                     Respectfully Submitted,


                                                   */s Karla M. Campbell*
                                                   Karla M. Campbell (BPR# 27132)
                                                   Callie Jennings (BPR# 35198)
                                                   Branstetter, Stranch & Jennings, PLLC
                                                   223 Rosa L. Parks Avenue, Suite 200
                                                   Nashville, TN  37203
                                                   Tel.: (615) 254-8801

                                                   *Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

    I certify that on October 24, 2017, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served via the Court's Electronic Filing System to:

    Bert W. McCarter
    101 North Maple Street
    Murfreesboro, TN 37130

    Attorney for Defendants, Outdoors Unlimited, Inc. and Burke Skelton.

                                                   */s Karla M. Campbell*
                                                   Karla M. Campbell

{005184/16444/00433414.DOCX / Ver.1}

6