IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JULIAN ALVARADO; <br> JORGE ALVARADO; and <br> MYNOR CHOX FRANCISCO, <br><br> Plaintiffs, <br><br> v. <br><br> BURKE SKELTON; and <br> OUTDOORS UNLIMITED, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:16-cv-03030 <br><br> Judge Crenshaw <br><br> Magistrate Judge Holmes |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CONTEMPT

COME NOW Defendants Burke Skelton and Outdoors Unlimited, Inc. ("Defendants"), by and through undersigned counsel, hereby submit their response in opposition to Plaintiffs' Motion for Contempt filed on October 24, 2017. In support of their response, Defendants state as follows:

1. On October 3, 2017, this Honorable Court held a telephonic discovery conference involving counsel for both Plaintiffs and Defendants. During that conference, which addressed Plaintiffs' Motion to Compel filed on August 25, 2017, the Court instructed Mr. McCarter, counsel for Defendants, to either produce the requested documents or enter affidavits from Defendant Burke Skelton detailing why they cannot be produced. Dkt. 56. The Court specified the contents of the affidavits, and Mr. McCarter took notes on said instructions and recalled them to the Court.

2. On October 10, 2017, this Court issued a written order memorializing the oral finding made during the telephonic conference. Dkt. 56.

3. On October 13, 2017, Defendants filed a Notice of Filing with three (3) affidavits attached, each one pertaining to a separate Plaintiff, which addressed the issues highlighted by this Court. Dkt. 58.

4. Also on October 13, 2017, Defendants counsel sent to Plaintiffs the supplemental discovery responses mentioned by this Court in the telephonic conference and in the October 10, 2017, Order. Dkt. 56.

5. Prior to the filing and service of the above-mentioned documents, at approximately 3:00 p.m. on October 13, 2017, an associate attorney in Mr. McCarter's law firm, Ben Lewis, called Plaintiffs' counsel and spoke with Ms. Jennings regarding said filing and service. Mr. Lewis sought direction on additional information and specifics because he was not present for the Court's telephonic discovery conference. He inquired as to whether the Court ordered the supplemental discovery responses be filed electronically or only sent to counsel. He further advised Ms. Jennings that Defendants prepared three (3) affidavits concerning the inexistence of the requested documents. Ms. Jennings expressed frustration that Defendants would not be producing any documentation to Plaintiffs and simply stated that Mr. Lewis look at the Court's October 10, 2017, Order for direction. Mr. Lewis was conferring with Plaintiffs' counsel in good faith and specifically looking for any additional information not mentioned in the October 10, 2017, Order. However, Ms. Jennings did not advise Mr. Lewis that she wanted to review any documents before they were filed.

6. Plaintiffs further assert that, for numerous reasons, the affidavits did not conform to the Court's instructions. Defendants contend that they were as detailed as reasonably possible considering the fact Defendant Skelton was virtually solely responsible for the entirety of Outdoors Unlimited, Inc.'s day-to-day operations during the times Plaintiffs worked for him. It is entirely unreasonable for Plaintiffs to expect Defendant Skelton to remember precisely when and where he discarded each piece of paper ever used to create the time sheets provided in discovery. Such a request is absolutely preposterous, especially considering that Defendant Skelton discarded those papers years prior to the start of litigation.

7. Moreover, in Plaintiffs' Motion for Contempt, they attempt to cherry-pick sections to show that the affidavits are insufficient. When read as a whole, Defendants described the "route sheet" manner of keeping time as including the physical route sheets and "reported times" that were directly reported to Defendant Skelton by the crew leaders orally or through text message. The physical route sheets, orally reported times, and text messages were then used to create spread sheets of the times worked, which were provided to Plaintiffs in discovery. It is plainly clear upon reading the affidavits that Defendant Skelton himself would discard the physical route sheets after

2

Case 3:16-cv-03030 Document 63 Filed 11/08/17 Page 2 of 6 PageID #: 419

they were converted to spreadsheets. Again, it is ludicrous for Plaintiffs to suggest Mr. Skelton provide specific dates and times for when he discarded the physical route sheets. As for the orally reported times, it goes without saying that those reported times cannot be discarded, destroyed or even proven. Lastly, the text messages that crew leaders sent to Defendant Skelton to report times are unavailable because, as stated in the affidavits, Defendants Skelton has used a large number of cell phones since the time Plaintiffs worked for him and no longer has those records.

8. Perhaps Plaintiffs' counsel needs to brush up on their comprehensive reading skills to grasp the details of the maintenance and destruction of the route sheets rather than cherry-picking individual sentences. As mentioned above, it is ridiculous to expect Defendants to provide dates and times for the destruction of the physical sheets. However, a normal reading of the affidavit exhibits what the route sheets are, how they were maintained, who maintained them, that Defendant Skelton destroyed them and authorized the destruction, and that they were discarded once each spreadsheet was created.

9. Once again, a basic reading of the affidavit shows that the old time cards were discarded following the two (2) month period of use for the simple purpose of saving space in the shop. Defendant Skelton states he put the time clock and old, blank, unused time cards behind the shop entrance door. He did not place the used time cards with the time clock, rather, they were discarded by Defendant Skelton shortly after the clock was taken down. Defendant Skelton did not recall a precise time other than he discarded the used cards when he removed the time clock.

10. In regard to the mobile Verizon timekeeping method, Defendant clearly states that "Outdoors Unlimited, Inc. never agreed with or employed Verizon to use the phone/tablet system, therefore, there are no records of any kind related to this proposed system." Frankly, Defendants did not feel obligated to disclose this contemplated timekeeping system in the affidavit because it was never used and no records were ever created. Nonetheless, in an attempt to be transparent, Defendants disclosed the consideration of the Verizon electronic system. In hindsight, said disclosure was undoubtedly a mistake because Plaintiffs have once again seized upon Defendants good faith in an attempt to harass, demean, and vilify them.

11. Plaintiffs assert that because the affidavits were respectfully submitted by counsel and mistakenly omitted a date that Mr. McCarter should be held in contempt of court. Such an assertion is a brazen overreach. Perhaps Plaintiffs counsel, in their blind rage over the aforementioned omitted date, failed to scroll one (1) page further to the end of each affidavit to

see that Defendant Skelton verified each before a notary on the 13th day of October, 2017, which is the same day they were filed electronically. While Mr. McCarter will admit that the omission of the date was an oversight, it is hardly a contemptible offense worthy of sanctions or, as Plaintiffs may next request from the Court, a public tarring and feathering.

12. Once again, in paragraphs 13 and 14 of Plaintiffs' Motion for Contempt, Dkt. 61, they assert that Defendants' failure to provide drafts of the affidavits for review as ordered by the Court prejudiced the outcome of mediation. Firstly, Defendants again state that Mr. McCarter's office conferred with Ms. Jennings prior to filing the affidavits and was simply told to review the Court's October 10, 2017, Order for instruction. Secondly, a review of the Court's October 10, 2017, Order, Dkt. 56, reveals nothing directing Defendants provide a draft of the affidavits to Plaintiffs before filing. To Defendants' knowledge, the Court's Order contains no ciphers or invisible ink. Thus, Ms. Jennings pre-filing direction to look at the Court's written Order, coupled with the fact that the Order does not direct Defendants to provide any drafts, presents a conundrum that renders this portion of Plaintiffs' argument immaterial.

13. Stating that "Mr. McCarter's actions relative to the Court's order show an unabashed distain [*sic*] for the authority of the Court" is entirely untruthful. Frankly it is unbelievable and disheartening for Plaintiffs to make such a statement. Plaintiffs themselves admit that "Mr. McCarter took note of [the Court's instructions] and read [them] back to the Court." Clearly Mr. McCarter is not attempting to show disdain for the Court's authority, nor has he ever done so. However, Mr. McCarter cannot make up dates for his client or create scenarios surrounding the destruction of documents simply to amuse Plaintiffs' counsel. Doing so would be an ethical dilemma in itself. Rather, Mr. McCarter had his client provide information and created affidavits intended to reflect the best of Defendant Skelton's recollection.

Nonetheless, nothing Mr. McCarter has done exhibited a disdain for the Court's authority. If anyone is showing a disdain for the Court, it is Plaintiffs' counsel who has now filed both a Rule 11 Motion and a Motion for Contempt against Mr. McCarter. Plaintiffs' actions are clearly meant to harass, demean, and bully Defendants and their counsel. Such actions show a lack of respect for the judicial process.

14. It is certainly true that "[w]hen a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (internal citations

4

and quotations omitted.) However, "that power 'to punish for contempts' should not be used lightly." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450 (1911). Moreover, "[w]hen evaluating a defendant's failure to comply with a court order, [the Court] also consider[s] whether the defendant 'took all reasonable steps within [his] power to comply with the court's order.'" *Elec. Workers Pension*, 340 F.3d at 379 (quoting *Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir. 1989).

Mr. McCarter does not dispute that the Court has the power to hold him in contempt. However, he does dispute Plaintiffs' contentions that any of his actions are contemptible. Mr. McCarter has done everything in his power, outside of fabricating statements, to show to Plaintiffs that the items they seek do not exist and that all timekeeping records have been turned over to Plaintiffs. Mr. McCarter cannot make his client reveal dates; he cannot produce documents that do not exist; and he cannot manufacture statements on behalf of his client simply because Plaintiffs request them. The affidavits contain the extent of Defendants' recollection about when he discarded the records. If Plaintiffs would prefer to question him individually concerning any dates, times, etc., they should have done so through a deposition.

15. In conclusion, Defendants request that this Court deny the Plaintiffs' Motion for Contempt against Mr. McCarter and award Defendants their attorneys' fees for having to respond to Plaintiffs' frivolous motion. Plaintiffs' mere assertion that Mr. McCarter's actions are worthy of judicial contempt should be sanctionable. Mr. McCarter has shown nothing but respect for this Court while Plaintiffs have time and time again sought to harass, embarrass, and intimidate Defendants and their counsel into settlement. At this juncture in the case, Plaintiffs have already filed a Rule 11 Motion and a Motion for Contempt against Mr. McCarter individually. To say those two (2) motions are extraordinary remedies is a grand understatement. If it has not already, it is becoming increasingly clear that Plaintiffs view the judicial process as a means to browbeat their opponents into a corner. Plaintiffs' frustration with Defendants' unwillingness to settle on their terms is not a reason to file a Motion for Contempt. Therefore, Defendants request that Plaintiffs' Motion for Contempt be denied, and this Court award Defendants their attorneys' fees for being required to respond to this Motion.

Dated: November 8, 2017

                                Respectfully submitted,

                                s/ Bert W. McCarter
                                Bert W. McCarter, BPR #20883
                                101 North Maple Street
                                Murfreesboro, TN 37130
                                T: (615) 893-9255
                                F: (615) 893-9258
                                Email: bertmccarter@mcelaw.com

                            **ATTORNEY FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

     I hereby certify a true and accurate copy of the foregoing document was filed electronically with the Court to be served by operation of the court's electronic filing system upon the following individual at the address indicated below on this the 8th day of November, 2017:

Karla M. Campbell and Callie Jennings, Attorneys for Plaintiffs, Branstetter, Stranch, & Jennings, PLLC, The Freedom Center, 223 Rosa L. Parks Avenue, Suite 200, Nashville, TN 37203.

                                s/ Bert W. McCarter