IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JULIAN ALVERADO, JORGE ALVERADO, )
and MYNOR CHOX FRANCISCO )
 )
v. ) Case No. 3:16-cv-3030
 )
BURKE SKELTON and )
OUTDOORES UNLIMITED, INC. )

# O R D E R

On October 24, 2017, Plaintiffs filed a motion for contempt (Docket No. 61), requesting that the Court hold Defendants' counsel, Bert W. McCarter, in contempt. By order entered on October 25, 2017 (Docket No. 62), Plaintiffs' motion was set for hearing on November 28, 2017, and a prehearing briefing schedule was set. Defendants' counsel filed a timely response on November 8, 2017 (Docket No. 63), and a timely reply was filed by Plaintiffs on November 17, 2017 (Docket No. 64). On November 28, 2017, Plaintiffs' counsel appeared for the scheduled hearing, but no appearance was made by or on behalf of Defendants or Defendants' counsel. The Court has reviewed the respective filings, from all of which, the Court finds and concludes that the motion for contempt is well-taken and is therefore GRANTED.

**Analysis**

When a court seeks to enforce its orders, one of the ways by which it may do so is contempt of court. *Elec. Workers Pension Trust Fund of Local Union 58 v. Gary's Electric Service Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (internal citations and quotations omitted). To hold a litigant in civil contempt, the movant must produce clear and convincing evidence that the contemnor "violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Id*. at 379 (internal citations and

quotations omitted). Once this prima facie case is established, the burden shifts to the contemnor to defend by showing "categorically and in detail why he or she is unable to comply with the court's order." *Id*. The court should also consider whether the contemnor "took all reasonable steps within [his] power to comply with the court's order." *Id*.

If a party fails to obey an order to provide or permit discovery, the court may also "issue further just orders," including any of the relief provided for in Fed.R.Civ.P. 37(b)(2). Among the available relief is entry of an order prohibiting the disobedient party from opposing the designated claims or from introducing designated matters into evidence, entry of default judgment, and ordering the disobedient party or the party's counsel to pay the reasonable expenses, including attorney's fees, caused by the disobedience. Fed.R.Civ.P. 37(b)(2)(A)(ii), (vi) and (C).

The instant matter arises out of a discovery dispute that began with Plaintiff's motion (Docket No. 47) to compel production of employee timekeeping records from Defendants and a full explanation of those records responsive to Plaintiffs' Interrogatory No. 18, which asked Defendants to "[d]escribe the timekeeping method you used to track Plaintiffs' work time each day." *See* Docket No. 48-1 and 48-2. After full briefing of the motion to compel, a telephonic discovery conference was held on October 3, 2017. As noted in this Court's order of October 10, 2017, there was no dispute by Defendants that the requested information was discoverable; rather, Defendants asserted that they had no other information to produce. *See* Order at Docket No. 56. The Court was not persuaded by this argument, as the so-called supplemental discovery responses relied on by Defendants failed to fully explain the circumstances of creation of the employee time records and of the discarded (or otherwise unavailable) underlying records. *Id*. at 1-2. Defendants were therefore ordered to provide supplemental discovery responses, and to provide additional information about the timekeeping records by affidavit of Defendant Burke Skelton.

2

On October 13, 2017, Defendants filed a notice of the affidavits of Defendant Burke Skelton, individually and on behalf of Defendant Outdoors Unlimited, responding to Plaintiffs' discovery requests for Defendants' timekeeping practices and records. After review of this information, Plaintiffs filed a motion for contempt against Defendants' attorney, arguing that the affidavits are insufficient, and do not comply with the Court's order granting Plaintiffs' motion to compel.

A timely response to the motion for contempt was filed by Defendants' counsel, including presumably on his own behalf. Defendants' response however provides minimal detail of their efforts to comply with Plaintiffs' discovery requests, and therefore the Court's order compelling such responses.[1] For instance, the Court disagrees that it is ludicrous to expect Mr. Skelton to provide additional information regarding the circumstances of creation and destruction of the time sheets. In a June 21, 2017 letter to Defendants' counsel, Plaintiffs' counsel provided a detailed roadmap of the kind of information that would sufficiently respond to Interrogatory No. 18:

> A complete response would include more information such as: How (using what method) do crew leaders keep track of time worked by each employee? How do they determine "what time each job/employee starts for the day and when it ends" for purposes of their report? Who are the crew leaders? Are the leaders different every day or do they work with different employees? Who do crew leaders report to? When do they submit these reports?

Docket No. 48-3 at 3. Although some of this information was contained in the supplemental discovery responses and included in Mr. Skelton's affidavits, Defendants offered no evidence that they had provided all of this information. According to Plaintiffs' counsel at the November 28

---

[1] Defendants' response largely just reiterates the statements made in Mr. Skelton's affidavits. Additionally, considerable page space in the response is consumed with hyperbolic and unnecessary personal attacks on opposing counsel. The Court recognizes that Defendants' counsel felt it necessary to defend himself, given the earlier Rule 11 motion and some of the statements made in the motion for contempt. However, the Court is not impressed with the lack of civility displayed in this case across the board.

hearing, the described information was not fully provided, despite it having been spelled out for Defendants, and the Court having ordered Defendants to fully respond as requested. Mr. Skelton's affidavit provides only the barest details of the circumstances of creation and destruction of the route sheets, and does not comply with the Court's order compelling complete responses.[2]

Nor does Defendants' response adequately address why Mr. Skelton is unable to provide more detailed information about the creation of the route sheets, the transfer of information from the route sheets to the spreadsheets, and the destruction of the route sheets, and the timing of all of those events. It may well be that Mr. Skelton has no recollection of specific dates or times on which he transferred information from the route sheets (or other report from crew leaders) to the employee time sheets or on which he discarded the route sheets, but, other than stating that after preparation of the spreadsheets of employee's hours worked, he "then discarded" the route sheets Mr. Skelton failed to provide even general information. Certainly, more detailed information could have been provided. Additionally, with respect to oral reports made to Mr. Skelton about employee job time, simply stating that phone (or text) records are unavailable is insufficient without addressing what efforts Mr. Skelton made to obtain those records, including from his cell phone service provider.

Overall, the deficiency in Defendants' responses is that they include only the barest of general information, which superficially constitutes a response, but is not the full response required by the Court's order granting Plaintiffs' motion to compel. If this was the first time that the adequacy of Defendants' responses had been raised, the Court would be disinclined to do more

---

[2] Plaintiffs' counsel further advised the Court that they were not provided with the form route sheet or any other form used to record the information described by Mr. Skelton. That Defendants would not produce the form utilized internally for reporting employee job time is beyond comprehension.

4

than require Defendants to try again. But this is not the first time. Defendants have had plenty of opportunity to adequately respond to Plaintiffs' requests for full explanation of the circumstances of creation of the employee time records and of the discarded (or otherwise unavailable) underlying records. Ultimately, they were directed to do so by the Court's order of October 10, 2017. This was a definite and specific order, about which Defendants had knowledge. Defendants failed to comply with the order and failed to show categorically and in detail why they were unable to comply.[3]

Based on Defendants' failure to comply with the Court's order of October 10, 2017 (Docket No. 56), and in accordance with the authority granted by Fed.R.Civ.P. 37(b)(2)[4], the following is ORDERED:

1. Plaintiffs may take the deposition of Burke Skelton, both in his individual capacity and as a Rule 30(b)(6) representative of Defendant Outdoors Unlimited. The expenses associated with Mr. Skelton's deposition, including court reporter costs and Plaintiffs' reasonable attorney's fees, are imposed jointly and severally against Defendants and Defendants' counsel, Bert McCarter. The court reporter costs shall be paid directly to the court reporter. Upon the conclusion of Mr. Skelton's deposition, Plaintiffs' counsel shall file an affidavit of fees associated with the deposition, after which the Court will enter a separate order for the amount of allowed fees.

2. Plaintiffs' counsel shall endeavor to coordinate the scheduling of Mr. Skelton's deposition with Defendants' counsel, but if unable to agree, Mr. Skelton's deposition shall proceed by a notice of deposition served by Plaintiffs' counsel. Mr. Burke's deposition shall be concluded by no later than **January 12, 2018**.

---

[3] The Court declines to address any of the other accusations made by counsel against each other, as they add nothing to this outcome.

[4] Because this is a discovery dispute, the Court opts to utilize Fed.R.Civ.P. 37.

5

3. The discovery period in this case is reopened and the deadline extended solely to allow Plaintiffs to take Mr. Skelton's deposition. This extension does not reopen any discovery by Defendants.

4. To recompense Plaintiffs for the costs of mediation, which were hampered by Defendants' failure to comply with the Court's order, Plaintiffs' share of the mediator's fees, in the amount of $1,350, is imposed jointly and severally against Defendants and Defendants' counsel. Within **fourteen (14) days** of the date of entry of this order, this amount shall be paid directly to Plaintiffs' counsel.[5]

5. Plaintiffs' reasonable expenses, including attorney's fees, in connection with the motion to compel and the motion for contempt are imposed jointly and severally against Defendants and Defendants' counsel. Within **fourteen (14) days** of the date of entry of this order, Plaintiffs' counsel shall file an affidavit of expenses and fees, after which the Court will enter a separate order for the amount of the allowed fees.

6. Defendants are cautioned that any further disobedience of the Court's orders for discovery of the information requested by Plaintiffs will result in additional relief under Fed.R.Civ.P. 37(b)(2), including without limitation, entry of default judgment against Defendants.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[5] Plaintiffs' counsel advised the Court at the November 28 hearing that they had already paid this amount to the mediator.