**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JULIAN ALVARADO;** | ) | |
| **JORGE ALVARADO; and** | ) | |
| **MYNOR CHOX FRANCISCO,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 3:16-cv-03030** |
| | ) | |
| **v.** | ) | **Judge Crenshaw** |
| | ) | |
| **BURKE SKELTON; and** | ) | **Magistrate Judge Holmes** |
| **OUTDOORS UNLIMITED, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MOTION FOR RECONSIDERATION

---

Come now the Defendants, Burke Skelton and Outdoors Unlimited, Inc., by and through undersigned counsel, and move this Honorable Court, pursuant to Rules 54(b), 59(e), and/or 60(b) of the Federal Court Rules of Civil Procedure, to reconsider and set aside the Order granting the Plaintiffs' Motion for Contempt entered in the above-styled case and to set the same for hearing.

### I.   INTRODUCTION

As grounds for support of this motion, the parties would show that on October 24, 2017, Plaintiffs' filed a Motion for Contempt (Docket No. 61).  On November 8, 2017, the Defendants filed a timely Response to the Motion for Contempt (Docket No. 63), and the Plaintiffs replied on November 17, 2017 (Docket No. 64).  By Order entered by this Honorable Court on October 25, 2017 (Docket No. 62), this matter was set for a hearing on November 28, 2017. Unfortunately, the November 28, 2017, hearing never made it onto the calendar of undersigned

counsel, and, therefore, he was not present at the hearing. Counsel sincerely apologizes to the Court for his absence, but he would show that it was due to human error and was not intended to display any disrespect toward this Court. Thus, counsel for Defendants would respectfully request that this Honorable Court set aside the Order granting Plaintiffs' Motion for Contempt entered on November 29, 2017, and allow Defendant's counsel an opportunity to be heard on the matter.

## II.    <u>ARGUMENT</u>

"[D]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). Requests for reconsideration are generally construed as motions to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[1] *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990); *see also United States ex rel. SNAPP, Inc. v. Ford Motor, Co.*, 618 F.3d 505, 512 (6th Cir. 2010).

A court's decision to grant or deny relief under Rule 59(e) is discretionary. *SNAPP*, 618 F.3d at 512. Moreover, a court may grant a motion for reconsideration when there is: (i) an intervening change in controlling law; (ii) newly discovered evidence not previously available; or (iii) a need to correct a clear error of law or prevent manifest injustice. *United States v. Campbell*, 168 F.3d 263, 269 (6th Cir. 1999); *SNAPP*, 618 F.3d at 512.

In addition, Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment, order, or proceeding where there is: (i) a mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; (iii) fraud; (iv) a

---

1.    Some district courts also consider motions for reconsideration under rule 54(e) of the Federal Rules of Civil Procedure. *See, e.g.*, *Clemons v. Norton Healthcare Inc., Retirement Plan*, No. 3:08-CV-00069, 2013 WL 5437646, at *2 (W.D. Ky. Sept. 27, 2013). Counsel in this case has cited both Rules 54(b) and 59(e) so that the Court may consider this Motion under whichever Rule it finds more fit. However, the standard of reconsidering interlocutory orders under Rule 54(b) is the same as the standard under Rule 59(e). *Id.*

void judgment; (v) satisfaction or discharge of the judgment; or (vi) an other reason that justifies relief.

Defendants assert that this motion is filed to correct clear error and prevent manifest injustice and because counsel's absence from the hearing was excusable neglect. More specifically, counsel would assert that it was manifestly unjust to find him in contempt without him being present. Defendants' counsel understands that his absence was his own error, but he would also assert it was excusable neglect that it did not make it to his calendar. His absence was in no way meant to disrespect the Court or its authority, nor was it intentional in any form or fashion.

Furthermore, this Court held Defendants' counsel in contempt under Rule 37 of the Federal Rules of Civil Procedure. Under that Rule, the Court "must, after giving an opportunity to be heard, require the party or deponent" to pay the movant's reasonable expenses. Fed. R. Civ. P. 37(a)(5)(A). Although the Court provided counsel an opportunity to be heard, Defendant's counsel failed to appear because of "excusable neglect," which would be a basis for this Court to set aside its Order and allow Defendants an opportunity to be heard.

Lastly, Defendants would assert that they have, throughout this process, made a sincere effort to comply with this Court's orders. There are always opportunities for parties to go above and beyond the call of duty in responding to discovery requests, but Defendants would assert that they have provided their answers and affidavits to the best of their ability. It is impossible for Defendant's counsel to produce answers that either do not exist or are not provided to him. Therefore, Defendants would assert that they substantially complied with the Court's October 10, 2017, Order and would request that the Order holding Defendant's counsel in contempt be set aside and, at a minimum, afford counsel an opportunity to present himself and be heard.

### III.    CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Defendants respectfully request that this Court reconsider and deny the Plaintiffs' Motion for Contempt, or, in the alternative, set aside the Court's November 29, 2017, Order and afford Defendants' counsel an opportunity to be heard in open court.

Respectfully submitted,

s/ Bert W. McCarter
Bert W. McCarter, TN #20883
McCARTER, CATRON & EAST
101 North Maple Street
Murfreesboro, TN 37130
T: (615) 893-9255
F: (615) 893-9258
Email: bertmccarter@mcelaw.com

**ATTORNEY FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify a true and accurate copy of the foregoing document was filed electronically with the Court to be served by operation of the court's electronic filing system upon the following individual at the address indicated below on this the 13th day of December, 2017:

Karla M. Campbell and Callie Jennings, Attorneys for Plaintiffs, Branstetter, Stranch, & Jennings, PLLC, The Freedom Center, 223 Rosa L. Parks Avenue, Suite 200, Nashville, TN 37203.

s/ Bert W. McCarter